## JOHN B. GALBRAITH v. MILLER, LYON & CO.

**Guardian and Ward—Investment of Ward's Money.**

A guardian has no authority to invest her ward's money for merely speculative purposes, and when she does so, she and her surety become liable for all the consequences resulting from such investment.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

November 27, 1877.

OPINION BY JUDGE PRYOR:

The guardian had no power to invest the money of her wards for mere speculative purposes, and when doing so she made herself and surety liable for all the consequences resulting from such an adventure.

The guardian, who was also the mother of the infants, one of whom was of the age of fifteen years, and the other ten, undertakes to carry on in their name a grocery establishment, and involves them in debt more than $2,000. The original investment was about $600, and the articles purchased of parties who were in ignorance of the fact that two boys, one ten years of age and the other fifteen, were the sole proprietors; and when they instituted an action against this firm they plead infancy as to the purchase price of the goods, and yet claim that the goods belong to them. If they have the right thus to deal in goods and groceries by their guardian, they must be held responsible for what the guardian purchases, but having no such right, neither they, nor their mother in their behalf, can interfere with the purchaser when he attempts to make his money.

The notes, or some of them on which this action was instituted, were executed for some of the goods that were levied on by the sheriff. It was really the store of the mother. When she borrowed money she gave a mortgage on the goods in her own name to secure the payment of the money. She had invested her children's money in goods with the hope, doubtless, of making a better support for them all, but certainly never contemplated binding these infants for the payment of any debt she contracted; and if she entertained this opinion, her mistake as to her legal rights entitles neither herself nor children to any relief as against parties who sold her goods in ignorance of the fact that the infants alone constituted the firm. If the vendor of the goods knew that he was dealing with infants, as the party who loaned the money and took the mortgage seems to have understood, there might be some ground for the chancellor to interfere, but in the present case, to hold the seller of the goods bound would in effect determine that the infants were liable for all these debts. It is clear, however, from the proof, that the goods belonged to the mother. The infants neither by their next friend nor by their guardian could maintain the action. Judgment *affirmed.*

*Ritter & Payne, Moss & Rodman, for appellant.*

*John S. Bryan, for appellees.*